## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3070 |
| vs. | * REVISED * |
| | TENTATIVE FINDINGS |
| JOSEF D. BARRAZA, | |
| Defendant. | |

The Court has received the presentence investigation report in this case. The government has objected to the presentence report and moved for an upward variance from the guidelines range. Filing 113.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The government has objected to the presentence report in two respects and moved for an upward variance from the guidelines range. Filing 113.

(a)     First, the government objects to the presentence report's failure to apply a four-level enhancement to the offense level pursuant to U.S.S.G. § 2K1.1(b)(6)(B) for using or possessing a firearm "in connection with another felony offense," or possessing or transferring a firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Filing 113 at 1. "Another felony offense," for purposes of § 2K1.1(b)(6)(B), means any federal, state, or local offense other than the possession or trafficking offense. Id., cmt. n. 14(C). And the threshold question for the Court is whether the use, possession, or transfer in connection with "another felony offense" was part of the "same course of conduct or common scheme or plan"

with the offense of conviction. *See* § 2K2.1 cmt. n.14(E)(ii) (citing U.S.S.G. § 1B1.3(a)(2) defining relevant conduct).

The defendant pled guilty to Counts I and IV of the indictment: Conspiracy to possess firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(o), and possession of firearms in furtherance of drug trafficking in violation of § 924(c). Filing 1 at 1, 5. At issue for guidelines purposes is the § 924(o) conspiracy charge, because the guideline sentence for violation of 924(c) is the statutory minimum sentence. U.S.S.G. § 2K2.4(b). But § 2K2.4 further provides that if the weapon that was possessed in the course of the offense underlying the § 924(c) conviction "also results in a conviction that would subject the defendant to an enhancement under . . . §2K2.1(b)(6)(B) . . . do not apply that enhancement." § 2K2.4 cmt. n.4.

Taken together, what those sections mean is that for the § 2K2.1(b)(6)(B) enhancement to apply on Count I, the defendant must have (1) used or possessed a firearm in connection with another felony offense, or possessed or transferred a firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense; (2) that use, possession, or transfer must have been part of the same course of conduct or common scheme or plan as Count I, and (3) the firearm that was used, possessed, or transferred must *not* be one of the firearms supporting the conviction on Count IV.

The overt acts supporting the conspiracy charge included allegations relating to a blue SCCY CPX-2, a pink Ruger .380, and

a GLOCK 45, among others. Filing 1 at 2-3. Count IV appears to be based on those same weapons. *See* filing 1 at 5. But the overt acts for Count I also include references to "multiple Glock handguns" and ammunition being possessed, *see* filing 1 at 4, and the government intends to proffer evidence of other weapons, *see* filing 113 at 5, 8. The government points in particular to a GLOCK 17 found on the defendant's bed and an "AK" the defendant allegedly offered to trade for drugs, and argues that those weapons satisfy the requirements set forth above in conjunction with a lengthy list of possible offenses.[1] *See* filing 113 at 10-11, 14-15. Because the government has the burden of proving enhancements to the offense level, *see* United States v. Benson, 715 F.3d 705, 708 (8th Cir. 2013), the Court will resolve this issue at sentencing.

(b)     Second, the government objects to the presentence report's failure to apply a two-level enhancement to the offense level pursuant to U.S.S.G. § 3B1.4 for using a minor "to commit the offense or assist in avoiding detection of, or apprehension for, the offense." Filing 113 at 1, 16. "Use" of a minor "includes directing, commanding, encouraging, intimidating, counseling, training, procuring,

---

[1] Some of those offenses, to be candid, appear to the Court to be only speculatively related to the firearms the defendant can be shown to have possessed. The enhancement may apply if the firearm facilitated, or had the potential of facilitating, the other felony offense. *See* United States v. Mitchell, 963 F.3d 729, 731 (8th Cir. 2020) (citing § 2K2.1 cmt. n.14(A)). Alternatively, where the other offense allegedly supporting a § 2K2.1(b)(6)(B) enhancement is drug trafficking, it applies whenever "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." United States v. Walker, 900 F.3d 995, 997 (8th Cir. 2018) (citing § 2K2.1 cmt. n.14(B)).

recruiting, or soliciting." § 3B1.4 cmt. n.1. The defendant must affirmatively involve or incorporate the minor into the commission of the offense. *United States v. Jones*, 612 F.3d 1040, 1048 (8th Cir. 2010).

The government points to the defendant's transfer of weapons to Kobe Amerson, allegedly a minor. Filing 113 at 1, 13, 16. But the Court questions whether transferring a gun to a minor is sufficient to "use" the minor to commit the offense. The Court notes that in *United States v. Roberts*, the Eighth Circuit rejected application of § 3B1.4 in the reverse situation, in which the defendant had traded drugs and cash *to* a minor in exchange for a firearm and was convicted for possession of a firearm by a felon. 958 F.3d 675, 678 (8th Cir. 2020). The Court of Appeals explained that "there must be some affirmative act beyond mere joint participation in a crime with a minor for the defendant's conduct to constitute 'use' of a minor under the guideline." *Id*. at 677-78.

Here, based on the description in the government's brief, it's not clear whether the defendant merely "engaged in an arm's-length transaction with a minor," or used the minor in "broader criminal activity" related to the firearms conspiracy.[2] *See id*. at 678.

---

[2] It seems to the Court that this enhancement, like the previous one, is pertinent only to the § 924(o) conspiracy conviction under Count I, because under § 2K2.4(b), the guideline sentence for his § 924(c) conviction under Count IV is "the minimum term of imprisonment required by statute" and "Chapters Three and Four shall not apply to that count of conviction." *See* § 2K2.4 cmt. n.5. Nonetheless, the government suggests that "[a]pplication of this provision to a 924(c) offense is expressly authorized in 2K2.4 and its Application

Accordingly, the Court will resolve this issue on the evidence presented by the government at sentencing. *See Benson*, 715 F.3d at 708.

(c)     Finally, the government argues for an upward variance. Filing 113 at 1, 18-19. The Eighth Circuit has "repeatedly held that it is not unreasonable for a sentencing court to demonstrate with an upward variance that contemptuous disregard for our laws can have serious consequences." *United States v. Michels*, 49 F.4th 1146, 1149 (8th Cir. 2022). The Court may vary upward from the guidelines range if the extent of the deviation is supported by the § 3553(a) factors. *United States v. Miller*, 41 F.4th 1019, 1024 (8th Cir. 2022). Accordingly, with those factors in mind, the Court will resolve the government's request at sentencing.

3.     Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.     If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

---

Notes." Filing 113 at 16. But the government's brief provides no other citation to support that, and the Court can't find the authority described by the government in § 2K2.4 or its comments.

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 31st day of January, 2023.

BY THE COURT:

John M. Gerrard
United States District Judge